**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LASHEILA M. RANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-1053-M** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Vicki Miles LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance and supplemental security income benefits on May 24, 2005, with a protective filing date of May 20, 2005, alleging that

she became disabled as of November 1, 2002, due to chronic low back and hip pain, fractured right elbow, and depression. 55,[1] 74-76, 297-99.[2] The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 43, 44, 51-55, 58-62, 286-91, 292-96. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on March 1, 2007. Tr. 49, 300-23. Plaintiff appeared by live video conference with her attorney, and she offered testimony in support of her applications. Tr. 12, 302-16. A vocational expert also testified at the request of the administrative law judge. Tr. 23-24, 32-33, 316-22. The administrative law judge issued his decision on April 27, 2007, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr. 9-11, 12-21. The Appeals Council denied Plaintiff's request for review by an order dated July 17, 2007, and so the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4-7.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other

---

[1]There is no adult disability report in the record; therefore, Plaintiff's initial alleged impairments are taken from the "Explanation of Determination." See Tr. 55.

[2]In her application for supplemental security income benefits, Plaintiff actually alleged a disability onset date of April 15, 2005. Tr. 297.

> evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

## III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 13-14. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 15. At steps two and three, the administrative law judge found that Plaintiff suffered from cervical disk disease, affective disorder, and personality disorder, and found that these disorders were severe, but he found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1,

Subpart P, Social Security Regulations, No. 4. Tr. 15. He also found that Plaintiff suffered from the following non-severe disorders: knee pain secondary to morbid obesity, degenerative disk disease, hypertension, and possible sleep apnea. Tr. 15. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a wide range of light work, with the ability to remember and understand very short and simple instructions, carry out simple routine tasks, perform simple, unskilled 1 to 2 step repetitive tasks, and work in relative isolation with limited contact with peers and supervisors. Tr, 18-19. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was unable to perform her past relevant work as nurse's aide, home health aide, telemarketer, leather worker, or laborer. Tr. 18-19. Using the testimony of the vocational expert, as well as the Medical-Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2) as a framework for decision-making, the administrative law judge further found that considering her age, education, work experience, and residual functional capacity assessment there were a significant number of jobs that Plaintiff could perform, such as waxer of glass dials, plastic design applier, varnisher, and laundry patching operator. Tr. 19, 21. Thus, the administrative law judge found that Plaintiff was not disabled and that she was not entitled to benefits. Tr. 21.

**IV. DISCUSSION**

Plaintiff raises three issues on appeal. First, she claims that the administrative law judge failed to discuss significantly probative evidence which conflicted with his findings.

Plaintiff's Opening Brief, p. 17-21. Second, she alleges that the administrative law judge failed to properly evaluate some of the medical opinions contained in the record. Id. at 22-27. Third and finally, she claims that the decision was legally deficient and not supported by substantial evidence. Id. at 27-31. The undersigned agrees with Plaintiff that the administrative law judge erred in his treatment of the mental residual functional capacity assessment of Dr. Chappuis, resulting in a residual functional capacity determination that is not supported by substantial evidence.

**A. DISCUSSION OF CONFLICTING PROBATIVE EVIDENCE**

Plaintiff first contends that the administrative law judge committed legal error by failing to discuss the uncontroverted evidence he chose not to rely upon, as well as the significantly probative evidence he rejected. Id. at 17-18. In particular, she alleges that the administrative law judge failed to discuss the specific findings by psychological consultant Dr. Chappuis that Plaintiff had moderate mental impairments in eight work-related functions. Id. at 20. In response, the Commissioner notes first that the administrative law judge is not required to discuss every piece of evidence in the record. The Commissioner also contends that the administrative law judge properly relied on the explanatory notes of Dr. Chappuis, and that it was unnecessary to discuss the specific items checked on the psychologist's mental residual functional capacity assessment form. Id. at 7-8.

After a thorough review of the record, the undersigned finds that Plaintiff's contention regarding the administrative law judge's treatment of Dr. Chappuis' mental residual functional capacity assessment is meritorious. While an administrative law judge is not

required to discuss each item of evidence in the record, he may not rely solely on favorable evidence without giving reasons for discounting evidence upon which he chooses not to rely. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (administrative law judge must discuss uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects); see also Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) (administrative law judge may not pick and choose through a medical opinion taking only those parts that are favorable to a finding of nondisability); Hamlin v. Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004) (stating that an administrative law judge must discuss uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects).

State agency medical consultant Dr. Michele Chappuis, Ph.D., reviewed the medical evidence of record and she completed a Psychiatric Review Technique (PRT) form and a Mental Residual Functional Capacity Assessment (Mental RFC) form. Tr. 125-138, 139-142. In the PRT, Dr. Chappuis found that Plaintiff had mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace and no episodes of decompensation. Tr. 135. For her narrative portion on the PRT, Dr. Chappuis stated that psychiatric evaluation revealed mild deficit in concentration and socialization, that Plaintiff retained the ability to understand and follow instructions, that she could adequately relate to co-workers and supervisors and that she had the ability to adapt to routine work settings. Tr. 137.

In the Mental RFC form, Dr. Chappuis noted Plaintiff was moderately limited in eight

separate categories: the ability to remember locations and work-like procedures; the ability to understand and remember detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to work in coordination with or proximity to others without being distracted by them; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to respond appropriately to changes in the work setting. Tr. 139-140. For the narrative portion of the Mental RFC form, Dr. Chappuis stated that Plaintiff could understand, remember and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors and that she could respond appropriately to changes in routine work settings. Tr. 142.

At the administrative hearing, the administrative law judge proposed a hypothetical to the vocational expert that included non-exertional limitations that Plaintiff would have the ability to remember and understand very short and simple instructions and carry out simple routine tasks, that she would have the ability to perform simple, unskilled one to two step repetitive tasks, and that she would need to work in relative isolation with limited contact with peers and supervisors. Tr. 19, 320. In response to the hypothetical, the vocational expert identified the jobs that the administrative law judge found Plaintiff could perform. Tr. 19, 320.

The Commissioner's argument that the administrative law judge's residual functional

capacity determination included the limitations found by Dr. Chappuis has some merit as it appears the hypothetical included the limitations found by Dr. Chappuis in her narrative findings. However, the Commissioner's argument ignores the first hypothetical that the administrative law judge proposed to the vocational expert which included seven of the eight moderate limitations Dr. Chappuis found in her Mental RFC form. Tr. 139-140, 319. In response to that hypothetical the vocational expert stated that no work would be available to a person with those seven moderate limitations. Tr. 319. While arguably Dr. Chappuis' findings in the Mental RFC form are inconsistent with her narrative findings that the administrative law judge seemed to adopt, the administrative law judge either chose to rely on the explanatory notes of Dr. Chappuis as his residual functional capacity determination while ignoring her specific functional ratings or he failed to explain how the material inconsistencies in Dr. Chappuis' Mental RFC form were considered and resolved. Either or both constitute legal error necessitating remand for further administrative proceedings.[3] Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) (administrative law judge may not pick and choose through a medical opinion taking only those parts that are favorable to a finding of nondisability); Soc. Sec. Reg. 96-8p, 1996 WL 374184, at *7 (administrative law judge must explain how material inconsistencies were considered and resolved); Haga v.

[3]The undersigned agrees with Plaintiff that Kerwin v. Astrue, No. 06-6343, 244 Fed. Appx. 880 (10th Cir. Aug. 8, 2007) (unpublished decision cited only for its persuasive value in accord with Tenth Cir. Rule 36.1) also supports reversal and remand in this case. Although the inconsistency in Kerwin was created by comparison of the opinion of the medical consultant with that of the consultative examiner, that is a distinction without a difference. The internal inconsistency in Dr. Chappuis' assessment is a material one, and so adoption of one part of her report over another should have been explained in the decision.

Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (it was error to accept some mental restrictions of the consultative examiner while rejecting other of his findings without explanation); Frantz v. Astrue, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (same, applying Haga to the opinions of non-examining physicians).

As a result of this legal error, the undersigned also finds that the administrative law judge's RFC determination is not supported by substantial evidence. The internally inconsistent mental RFC assessment of Dr. Chappuis detracts from the administrative law judge's RFC finding.

In light of the recommended disposition of this matter, the undersigned will not consider Plaintiff's other arguments as they might be affected by the administrative law judge's treatment of this case on remand. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by August 13, 2008, in accordance with 28 U.S.C. § 636 and Local Civil

Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 24th day of July, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE